IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDUL HAKIM ABDUL KARIM AMIN BUKHARI,<br>Petitioner, | : : : : : : | CIVIL ACTION<br>(Habeas Corpus) |
| v. | : : | |
| GEORGE W. BUSH, *et al.*,<br>Respondents. | : : : : | No. 1:05-cv-01241(RMC) |

**PETITIONER'S EMERGENCY MOTION TO COMPEL
PRODUCTION OF FACTUAL RETURN**

The government has recently revealed that it would not file an appeal in <u>Associated Press v. Department of Defense</u>, S.D.N.Y. Case No. 05-3941, in which the District Court ordered production of substantial portions of the Combatant Status Review Tribunal and Administrative Review Board Proceedings for the overwhelming majority of persons detained at Guantanamo Bay. Yet, the government still refuses to reveal this same information to Petitioner's security cleared counsel. Petitioner requests that the Court order Respondents to provide factual returns forthwith.[1]

**Procedural History**

On June 22, 2005, Petitioner's pro se Petition for a Writ of Habeas Corpus was docketed with this Court. On July 18, 2005, the government filed a *Motion to Stay the Proceedings Pendng Related Appeals and for Coordination*. On October 14, 2005, undersigned counsel was

---

[1] Counsel learned two days ago that their requested visit was approved and are scheduled to fly to Guantanamo on March 5 to meet Mr. Bukhari for the first time.

appointed and on October 28, 2005, counsel filed a notice of appearance. On November 2, 2005, Petitioner filed, through counsel, an *Amended Petition for a Writ of Habeas Corpus*. On November 7, 2005, the government filed an *Amended Motion to Stay Proceedings Pending Related Appeals*. On November 8, Petitioner filed a response to that motion and, *inter alia*, a motion for factual returns. On December 21, 2005, the Court ordered that Respondents provide Petitioner's counsel with factual returns by February 21. Thereafter, in the wake of the passage of the Detainee Treatment Act, the Court issued an order denying all pending motions without prejudice (none were pending here) and staying all action in the case pending the jurisdictional rulings of the Circuit Court. The government has indicated to counsel that it did not comply with the Court's factual return order in accordance with the Court's subsequent order staying all action. For the following reasons, Petitioner requests that the Court revisit that order and compel the government to provide factual returns forthwith.

**Argument**

The circumstances have recently changed dramatically regarding the government's position on the disclosure of information pertaining to Guantanamo detainees. The government has acquiesced in the disclosure of Combatant Status Review Tribunal and Administrative Review Board proceedings to the press and the public, pursuant to its decision not to appeal the District Court's order in <u>A.P. v. D.O.D.</u> However, the government still refuse to provide this same information to Petitioner's lawyer.

Moreover, counsel have just learned that their requested trip to Guantanamo to visit Mr. Bukhari has been approved by the base. Counsel are traveling on Sunday, March 5, and need to have the opportunity to review the factual returns before then. As such, counsel request that the

Court order the government to provide them forthwith.  As Petitioner explained in more detail in his original request for factual returns, this information is vital to the development of the attorney-client relationship.  This will be counsel's first meeting with Mr. Bukhari.  As Judge Bates of this Court has stated, "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners.  Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information."  Al-Anazi v. Bush, 370 F.Supp. 2d 188, 200 (D.D.C. 2005).[2]

There are additional reasons for the Court to order the returns now.  In issuing its order dated January 17, 2006, this Court made quite clear its intention to preserve the status quo.  For the reasons set out below, since this Court, by order dated December 21, 2005, directed the government to transmit factual returns to the Court and counsel within 60 days, the government should comply with this order regardless of the pending litigation in the District of Columbia Court of Appeals regarding the impact of the Detainee Treatment Act of 2005 ("DTA").  Counsel will be entitled to the factual returns even if the Court of Appeals were to accept the government's jurisdictional arguments, and thus there is no reason the pending litigation in the Court of Appeals should affect the government's obligation to provide the factual returns.  In any event, the factual returns are necessary in order for the Petitioner and his counsel to have notice of the allegations against him and a fair opportunity to rebut those allegations.

Respondents have argued in the Circuit Court that the DTA strips the jurisdiction of all federal courts over petitions for habeas corpus relief filed by detainees at Guantanamo Bay.  The

---

[2] Motions similar to this have been filed by undersigned counsel with Judge Bates and are pending in Tohirjanovich v. Bush, 05-00994 (JDB).

government has suggested that these petitions should be converted to appeals of the Combatant Status Review Tribunals ("CSRT's"): "this Court should convert the appeals into petitions for review under section 105(e)(2) and exercise jurisdiction over these cases under that provision, which expressly applies to all pending cases (*see* § 1005(h)(2)), including these." Al Odah v. Bush, 05-5064, 05-5095-5116 (D.C. Cir.) (Government's Supplemental Brief Addressing Section 1005 of the Detainee Treatment Act of 2005) at 2. See also id. at 13-14 ("the questions of whether the detainees have Fifth Amendment rights, and, if so, whether the CSRT process comports with those rights, raise threshold questions that will apply to *all* of the more than 200 cases pending on behalf of more than 300 Guantanamo detainees challenging the validity of their detention, which will soon be before this Court under section 1005." (Emphasis in original). Thus, even if the Court of Appeals were to accept the government's jurisdictional argument, counsel would still be entitled to the factual returns so that counsel could effectively represent petitioner on the appeal of the CSRT. To deprive Petitioner of this primary information offends basic notions of due process and fundamental fairness.

     Moreover, on February 2, 2006, counsel for Petitioner received notification from Terri McPalmer, of the U.S. Navy, of the opportunity to provide input regarding Mr. Bukhari for use in the process of review and consideration by the 2006 Administrative Review Boards (ARBs). The email notification indicated that such information must be received by February 24, 2006. Surely, the offer of such an opportunity to exchange pertinent information with the armed services cannot be reconciled with the government efforts to keep counsel in the dark. Counsel has filed a bare bones ARB submission and has requested to amend it once more information is provided and investigation is completed. Petitioner is entitled to factual returns and this Court

should not disturb its well-reasoned ruling in that regard.

There are also practical reasons for the Court to hold in abeyance the government's motion. Whether Petitioner ultimately presents his case in the District Court or the Circuit Court, he is entitled to factual returns. It would certainly be inefficient to litigate this very issue, once again, in the Circuit Court, without the guidance of the district court, which is much better suited to deal with such matters of discovery. Indeed, the present litigation and various court orders for factual returns have been staggered over time. If the lower courts stay their orders regarding factual returns, there will simply come a time in the near future, once the higher courts rule one way or the other on the retroactivity question of the DTA, that all the factual returns will be ordered again. The government will then say that they are overburdened and cannot comply. Now is the time, while most issues are stayed, for the government to use its resources and provide these returns, which it inevitably must provide anyway.

Finally, it is only through the mechanism of the court ordering the government to provide factual returns that the status of non enemy combatants has come to light. Indeed, in Qassim v. Bush, __ F.Supp. __, 2005 WL 3508654 (D.D.C. 2005), the government "knew about the CSRT determination [finding of non enemy combatant status] but advised nobody," not even the court. Id. at *1. Litigation revealed this fact – litigation that demonstrated the fundamental fairness of providing the factual returns to Petitioner's counsel.

At this point, like in Qassim, counsel does not know if Mr. Bukhari has been found to be a non enemy combatant. The government's position all along in these cases has been, "trust us, we'll do the right thing." In the dark, in light of the government's efforts to disturb the most rudimentary grant of information to counsel about their client, this trust is difficult to muster.

Mr. Bukhari filed his *pro se* habeas petition almost a year ago. The Court appointed us as counsel over four months ago. Still, we have not been permitted to meet our client. Still, we have not even been assured that our client is receiving our correspondence. Still now, we are asked to represent this man while in the dark. We should be permitted to represent our client, as this Court intended when it appointed us.

The bottom line is that the higher courts have only two choices regarding the applicability of the DTA to cases such as this. In either scenario, Petitioner is entitled to the factual returns. If the Act is not retroactive, as Petitioner suggests, he is entitled to the returns as ordered by this Court. If the Act is retroactive, Petitioner is entitled to the returns to litigate his appeal of the CSRT determination in the Circuit Court.

It is squarely in the Court's interest to preserve the status quo during the pendency of the higher court litigation. Indeed, this Court recognized this in its recent order staying all action. The only part of this litigation that is moving forward due to the Court's imposition of a stay, is counsel's attempt to develop an attorney client relationship. Counsel needs the factual return to assist in this process. Nothing has changed in this regard since the passage of the DTA.

## Conclusion

If the Associated Press is entitled to be informed of the nature of the charges against Mr. Bukhari, surely his counsel is as well. Counsel respectfully request that the Court grant his motion and order Respondents to provide factual returns forthwith, or at least my March 2, so that security-cleared counsel will have an opportunity to review them in the secure facility prior to departing for Guantanamo.

                                            Respectfully submitted,

                                            /s/Billy H. Nolas  
                                            Billy H. Nolas (DC 399275; PA 83177)  
                                            Assistant Federal Defender  
                                            Maureen Rowley (PA 33020)  
                                            Chief Federal Defender  
                                            David McColgin (PA 42963)  
                                            Supervising Appellate Assistant Federal Defender  
                                            Cristi Charpentier (PA 62055)  
                                            Shawn Nolan (PA 56535)  
                                            Mark Wilson (PA 26887)  
                                            Assistant Federal Defenders  
                                            Federal Community Defender Office for the  
                                            Eastern District of Pennsylvania  
                                            601 Walnut Street, Suite 545 West  
                                            Philadelphia, PA 19106  
                                            (215) 928-0520; (215) 928-1100

Dated:   February 26, 2006

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry Henry
Ms. Preeya M. Noronha
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7144
Washington, DC 20530


/s/Billy H. Nolas
Billy H. Nolas

Dated:  February 26, 2006