IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAKIM ABDUL KARIM AMIN BUKHARI, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | Civil Action No. 05-cv-1241 (RMC) |

## RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Court should dismiss the petitioner's habeas petition for the reasons explained in the Respondents' Motion to Dismiss (dkt. no. 40). The stay-and-abeyance procedure sometimes authorized in federal court review of state convictions under 28 U.S.C. § 2254 cannot be applied in this case, which involves entirely different circumstances governed by a different statutory scheme. It is inappropriate for the Court to retain jurisdiction now that the Court of Appeals has definitively held that the District Court lacks jurisdiction over habeas corpus and other actions relating to the detention of aliens held as enemy combatants, see Boumediene v. Bush, 476 F.3d 981, 988 (D.C. Cir.), cert. denied, 127 S. Ct. 1478 (2007), and cert. denied, Hamdan v. Gates, 75 U.S.L.W. 3474 (U.S. Apr. 30, 2007).

### ARGUMENT

The petitioner argues that the respondents' motion to dismiss should be denied for the reasons stated in the petitioner's motion to maintain the stay of these proceedings and hold the proceedings in abeyance. (See Pet'r's Opp'n to Resp'ts' Mot. to Dismiss Habeas Pet. for Lack of Jurisdiction at 1 (dkt. no. 44) (incorporating Petitioner's Motion to Maintain Stay and Hold

Proceedings in Abeyance (dkt. no. 39)).) As explained in the Respondents' Motion to Dismiss, it is inappropriate for the Court to maintain a stay of this litigation now that the Court of Appeals has definitively ruled that the District Court lacks jurisdiction. (See Mot. to Dismiss at 4–5.) The mere fact that the petitioner disagrees with the resolution of these jurisdictional issues by the Court of Appeals does not provide a basis for the District Court to disregard that ruling and improperly retain jurisdiction. (See Mot. to Dismiss at 5–6.)

For several important reasons, the stay-and-abeyance procedure permitted in limited circumstances in federal habeas corpus review of state criminal convictions under 28 U.S.C. § 2254 cannot be adapted to this case. The stay-and-abeyance procedure was not designed as a general-purpose mechanism for evading jurisdictional limitations on habeas corpus; it was crafted as a narrow means of addressing an anomaly unique to the § 2254 statutory scheme, specifically, the interplay between the exhaustion requirement of § 2254(b)(1)(A) and the one-year statute of limitations of § 2244(d). See Rhines v. Weber, 544 U.S. 269, 275 (2005). The rationale supporting the stay-and-abeyance procedure is not applicable to this case: The impediment to the District Court's jurisdiction in this case is not a mere failure to exhaust other remedies, but a Congressional directive withdrawing the Court's jurisdiction altogether. Also, in this case there is no time bar that threatens to operate on claims the petitioner otherwise could bring before the District Court. The petitioner cannot bring any claims before the District Court, because the only available avenue for review is a Detainee Treatment Act (DTA) petition before the Court of Appeals. (See Mot. to Dismiss at 6–7.) Finally a stay-and-abeyance order in the context of § 2254 proceedings truly operates as a stay; it puts the district court proceedings on hold while the petitioner pursues state remedies. In this case, however, the petitioner is not

seeking an order that would simply put the District Court proceedings on hold; instead, the petitioner is requesting that the District Court retain jurisdiction for the purpose of enforcing orders governing counsel access and other procedural and interlocutory matters. (See Mot. to Dismiss at 7–8.)

The petitioner's desire for continued access to counsel does not justify an improper exercise of jurisdiction by the District Court, even separate and apart from the reasons that the stay-and-abeyance procedure is out of place in this case. Any regime governing counsel access and related procedural matters should be imposed and administered by the Court of Appeals, which has jurisdiction—not by the District Court, which lacks jurisdiction. (See Mot. to Dismiss at 9–10.) Furthermore, dismissal of this action will not cut off counsel access altogether; the respondents are willing to agree to entry of an interim counsel access regime for an appropriate time in cases where DTA petitions have been filed, without prejudice to whatever right petitioners have to argue for a more permanent arrangement instead of that interim regime. (See Mot. to Dismiss at 10–11.)

The petitioner alternatively argues that the Court should simply transfer this case to the Court of Appeals, leaving intact the protective order and other relief ordered by the District Court in this case. (Pet'r's Opp. at 2.) The petitioner relies on a passage from Hamdan v. Rumsfeld, 126 S. Ct. 2749 (2006), but the quoted text does not support the petitioner's position. When the Supreme Court in Hamdan found that there was "nothing absurd" about a system in which Court of Appeals review would proceed in parallel with district court litigation, it was merely observing that it was reasonable to conclude that Congress had in fact established such a

dual review scheme when it enacted the DTA. Id. at 2769.[1] The Court's observation is no longer relevant, because after Hamdan was decided, Congress modified the statutory framework by enacting the Military Commissions Act (MCA) and unambiguously withdrawing district court jurisdiction over habeas corpus actions and other actions relating to the detention of aliens held as enemy combatants. See Boumediene, 476 F.3d at 988. The Supreme Court in Hamdan, in other words, was simply attempting to discern and effectuate the will of Congress. The petitioner, however, is now asking the District Court to act against the will of Congress by continuing to assert jurisdiction after Congress has clearly specified that the district courts are to have no role in reviewing the detention of aliens held as enemy combatants. Hamdan provides no basis for the Court to act as the petitioner requests. Indeed, when the D.C. Circuit faced the question of whether to convert the appeals in Boumediene into DTA cases, it instead considered itself constrained to dismiss the cases for lack of jurisdiction. See Boumediene, 476 F.3d at 994. Now that it is clear that the District Court lacks jurisdiction, dismissal is the only appropriate action. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting Ex parte McCardle, 74 U.S. (7

---

[1] The quoted paragraph reads, in its entirety:
    The Government's more general suggestion that Congress can have had no good reason for preserving habeas jurisdiction over cases that had been brought by detainees prior to enactment of the DTA not only is belied by the legislative history, but is otherwise without merit. There is nothing absurd about a scheme under which pending habeas actions—particularly those, like this one, that challenge the very legitimacy of the tribunals whose judgments Congress would like to have reviewed—are preserved, and more routine challenges to final decisions rendered by those tribunals are carefully channeled to a particular court and through a particular lens of review.
Hamdan, 126 S. Ct. at 2769 (citation omitted).

Wall.) 506, 514 (1869))).

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case.

Dated: May 8, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


  /s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Respondents